UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHAPURA PROTEINS, LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-4670** |
| **LK TRADING L.L.C.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is a **Motion for Leave to File Third Party Complaint (R. Doc. 17)** filed by the defendant LK Trading, LLC, seeking leave of Court to file a Third-Party Complaint against Preferred Quality Services, LLC, Preferred Quality Chemicals, LLC and Smith Oil Company, Inc. The motion is opposed. R. Doc. 19. The motion was submitted on August 30, 2107 and heard by oral argument that same day. For the following reasons, the motion is DENIED.

### I. Background

#### A. The Claim

This suit was filed as a result of the alleged breach of a guar gum purchase order. The guar gum was to be used in the oil and gas fracking industry. Ashapura Proteins, Limited (Ashapura"), the Plaintiff contends that it timely shipped and delivered the guar gum in good condition per the agreement. In spite of this, LK Trading, LLC, ("LK") the purchaser failed to pay for the shipments and also failed to return the unused shipments as a result. Ashapura seeks damages totaling over $2.9 million for the twenty shipments.

#### B. The Third Party Complaint

LK has filed the subject motion contending that if it is liable to Ashapura, then Preferred Quality Services, LLC ("PQS") and Preferred Quality Chemicals, LLC ("PQC") are liable to it because only at the request of Mike Conkle ("Conkle"), a representative of Smith Oil Company, Inc. ("Smith Oil"), did it contact a broker in India to obtain bids and samples of guar gum from

1

several companies.  R. Doc. 17-2. Ashapura submitted an acceptable bid, which resulted in the issuance of the first purchase order by PQS to LK and then by LK to Ashapura.

LK contends that the purchase order was on a "cost, insurance and freight" basis with delivery to New York.  *Id.* at. P.3.  LK contends that since July 2013, Conkle instructed it to issue invoices to PQC rather than PQS because the funds were coming out of the same bank accounts. *Id.*

Third party alleges in the proposed complaint that both PQC and PQS dissolved on February 10, 2014 and March 3, 2014, respectively.  *Id.* at pp.6-7.  LK alleges that principles of the two dissolved companies had made assurance about the reason for the cancellation of the purchase order and that LK would be paid for its services.  LK seeks to pierce the corporate veil because PQC, PQS and Smith Oil effectively operated as a single business entity.  As a result, LK contends that it should be allowed to pierce the corporate veil between the related companies and their owners because it detrimentally relied upon the materially false representations of PQS' and PQC's principles in both cancelling the purchase order and in collecting the funds owed. Therefore, according to LK, the owners/members of PQS and PQC acted as their alter ego by commingling funds, including Smith Oil's funds, operations, employees and control.  While it seeks to pierce the veil of Smit Oil, LK asserts independent claim against it.  It appears only that Smith Oil may have had common ownership with the other entities.

In opposition, Ashapura argues that the third-party complaint would be prejudicial, resulting in undue delay and would create duplicative litigation because LK filed a derivative action in state court against PQS, PQC and Smith Oil's principles.  R. Doc. 19-1. Ashapura contends that permitting the third-party complaint would only force it to become involved in LK's ongoing litigation against PQS, PQC and Smith Oil and their principles.  R. Doc. 19.  Ashapura

further contends that allowing the third party complaint will only serve to increase costs, complicate the litigation, and add new unrelated claims.

## II. **Standard of Review**

Federal Rule of Civil Procedure 14(a)(1) states that "a defending party may, as a third party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. However, the third-party plaintiff must by motion obtain the court's leave if it filed the third-party complaint more than 14 days after serving its original answer." *Id.* (Emphasis added). Courts are granted wide discretion in determining whether to permit third-party claims. *McDonald v. Union Carbide Corp.,* 734 F.2d 182, 184 (5th Circ. 1984). Rule 14(a) exists to bring in "third parties who are *derivatively* liable to the impleading party." *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, 2012 WL 5989206, at *3 (S.D. Tex. Nov. 29, 2012) (*citing Hassan v. La. Dep't of Transp. & Dev.,* 1999 WL 642861, at *2 (5th Cir. July 26, 1999)) (emphasis in original)*; Anadarko Petrol. Corp. v. Great Plains Gas Compression, Inc.,* 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007) ("[s]uch complaints require that the defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'")

In addition, the third-party complaint must meet the jurisdictional requirements of the Court through either an independent or ancillary basis. *Revere Copper & Brass Inc., v. Aetna Casualty & Surety Col.* 426 F.2d F.2d 709, 714 (5th Cir. 1970). A claim is ancillary "when it bears a logical relationship to the agree core of operative facts, which constitutes the main claim over which the court has an independent basis for federal jurisdiction." *Id*.

### A. **Prejudice Placed on the Other Parties.**

LK contends that Ashapura cannot demonstrate prejudice by the addition of the proposed third-party defendants because they are a part of the contractual claim that gave rise to the instant

3

action.  LK contends that the claims are related to the instant action and that Ashapura may not have known of PQC and Smith Oil, but it was aware of PQS as reflected by its testing reports. R.Doc. 21-2.

Asapura, in contrast, contends that (1) it entered into an agreement with LK and not PQS, PQC or Smith Oil and (2) it never learned of these entities until June 9, 2017 when LK filed its Answer.  Ashapura further contends that allegations in the state court lawsuit overlap with the third-party complaint but essential allegations present in the state court lawsuit are not alleged in the proposed third-party complaint.  R.Doc.19, p.3.  Finally because LK has a state court lawsuit alleging some claims regarding PQS, PQC and Smith Oil's failure to pay for the guar gum adding them to this lawsuit is not necessary.

The first factor for consideration is whether Ashapura will be prejudiced.  Prejudice is a fact-intensive inquiry.  *Cedar Ridge, LLC v. Landmark Am. Ins. Co. et. al, 2014 WL 68792,* at *4 ( E.D. La. Jan. 8, 2014).  The Court must weigh the risk of any potential prejudice to the party being forced to litigate separate lawsuits.  *Id.*  Thereby, where there is an increase in expenses and costs, the defendant is not impleaded into the action.

Prejudice may also exist where the addition of the third party may delay recovery or otherwise complicate the litigation.  *Id.*  But, "any potential prejudice may be outweighed by the advantages of efficient resolution of the action." *Id.*  Likewise, when the addition of a third-party defendant will not necessarily complicate or otherwise cause disadvantages amongst the parties, and potential prejudice may be outweighed by the advantages of efficient resolutions.  *See* 6 Wright & Miller, *Federal Practice and Procedure* §1443.

In reviewing the allegations in the proposed third-party complaint, the Court finds that adding PQS, PQC and Smith Oil would be prejudicial to the claim filed by Ashapura.  The third-

4

party complaint does not allege that Ashapura was aware that LK was a broker. In fact, LK concedes that Ashapura was not aware of PQC and Smith Oil. The Court finds that by allowing the addition of the proposed third-parties would unnecessarily complicate the rather simple claim involving the breach of a purchase order. Further, although the proposed third-party complaint does not name the principles, it sends a clear signal of LK's intent to pierce the corporate veil, further complicating the work involved in assessing the proposed complaint.

LK points to a number of emails and reports in its Supplemental Reply Memorandum in Support of the motion; however, the Court notes that none of the email correspondence with Ashapura refer to PQS, PQC or Smith Oil as the end user of the guar gum at issue. The Prop Tester, Inc. report referenced PQS and were sent to Asapura and its Counsel. (R. Doc. 26-1, pp. 22-23). It is unclear whether the act of receiving a report is sufficient to show that PQS was the end user of the guar gum powder. The report does not reference PQC or Smith Oil.

Furthermore, the Court is persuaded that the addition of PQS, PQC and Smith Oil in this lawsuit would further complicate litigation because of LK's alter ego claims. The present claim before the court is a breach of contract claim. Adding an alter ego claim would only complicate the litigation and confuse the issue before the Court—that LK breached its contract with Ashapura regarding the guar gum powder. Lk argues that it is necessary to pierce the corporate veil because PQS, PQC and Smith Oil's members/ owners are responsible for the alleged damages to Ashapura. However, the Court notes that these owners were not parties to the contract between LK and Ashapura, which is subject of the instant lawsuit. As such, this factor weighs against granting LK's motion for leave.

### B. <u>Undue Delay</u>

The next factor is whether the addition of the third party will cause undue delay. LK argues that its motion for leave is within the deadlines established by the Court's Scheduling Order. R. Doc. 12. Further, LK argues that discovery is not due until January 30, 2018, and pretrial and trial are scheduled for March 1, 2018 and March 26, 2018, respectively. Therefore, LK argues that granting its motion for leave will not result in undue delay because there is sufficient time under the Scheduling Order. The analysis, however, cannot end there.

Ashapura contends that permitting the filing of the third-party complaint would cause undue delay. Ashapura argues that, if LK's request is granted, PQS, PQC and Smith Oil will likely file pre-answer motions, resulting in the delay of discovery, as witnesses will be travelling from India. Undue delay is a factor that would weight against the addition of third parties when the addition of the party would delay completion of discovery or unnecessarily complicate the litigation between the present parties. *DeRubeis v. Witten Techs., Inc.,* 244 F.R.D. 676 (N.D. Ga. 2007) (denying leave to file third-party complaint because the addition of the third party would expand the scope and create uncertainty in an already contentious discovery process). As such, this factor weighs against granting LK's motion for leave.

### C. <u>Lack of Substance to the Third-Party Claim</u>

Further, the Court considers the substance of the third party claim. Both Parties concede that this factor weights in favor of granting the motion for leave. The Court agrees.

### D. <u>Advancing the Purposes of Rule 14: Avoiding Duplicative Litigation.</u>

Finally, the Court must determine whether the addition of the third-party will advance the purposes of Rule 14, in particular, avoiding duplicative litigation. LK argues that it would be forced to file

a separate lawsuit if its third party complaint is not granted because it will not be able to bring its indemnity and contribution claims.

In opposition, Ashapura argues that the claims asserted by LK in its third-party complaint are a part of its ongoing state court lawsuit. R.Doc. 19, p. 7.

Denying the third-party complaint will not result in duplicative litigation. LK already has sued the proposed third-party defendants in the 1st Judicial District Court for Parish of Caddo. The state claim includes the claim for the guar gum and also seeks to pierce the corporate veil. The state law claim was originally filed on March 16, 2015, some two years earlier than the subject matter. As such, this factor weighs against granting LK's motion for leave.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to File Third Party Complaint (R. Doc. 17)** is **DENIED**.

New Orleans, Louisiana, this 16th day of November 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**